```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA
                            WESTERN DIVISION


IN RE:

RUTHANN BARNES                                  Chapter 7

    Debtor.                              Bankruptcy No. 08-00586S
```

MEMORANDUM DECISION RE:
MOTION FOR RELIEF FROM STAY

MorEquity, Inc. moves for relief from the automatic stay to pursue its remedies against real property on which it holds a mortgage. Debtor Ruthann Barnes objects. Final hearing on the motion was held in Sioux City on November 3, 2009. Amy Dollash appeared as attorney for MorEquity; Jason Carlstrom appeared as attorney for Barnes. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

For purposes of background, I take judicial notice of the following: Barnes filed her chapter 13 petition on March 29, 2008. She filed a plan which treated MorEquity as a fully secured creditor and proposed to cure a pre-petition arrearage of $9,770.29 over the term of the plan and to pay her regular monthly payments to MorEquity over the remaining term of the loan (doc. 61). The plan was confirmed on October 21, 2008 as a 57-month plan. Barnes defaulted on her payments to the trustee. The trustee moved to dismiss the case, and on September 16, 2009, Barnes converted her case to chapter 7. Barnes claimed her homestead exempt in the chapter 13. The meeting of creditors in this case is scheduled for November 16, 2009. The deadline for

objecting to Barnes's discharge is December 28, 2009.

In her opening statement on behalf of MorEquity, attorney Dollash said that Barnes was more than 13 months in arrears on her mortgage payments to MorEquity, and that the total due and owing, including principal, fees, and costs, was $41,729.00. She asserted that the assessor had assessed the property for tax purposes at $41,940. MorEquity asserts that there is little equity in the property and that it is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). MorEquity also asserts that the length of time that Barnes has been in arrears is cause for relief under 11 U.S.C. § 362(d)(1). MorEquity asks that the automatic stay be modified to permit it to continue pending foreclosure proceedings. Because of the amount of the arrearage, MorEquity is not interested in entering into a reaffirmation agreement with Barnes.

Attorney Carlstrom, on behalf of Barnes, in his opening statement, said that the mortgaged property is Barnes's homestead, and she hopes to keep it, perhaps by redemption. Carlstrom stated that Barnes does not dispute the principal amount of the debt, but neither Barnes nor he can verify the amount of costs and fees. Barnes was not present at the hearing.

MorEquity called no witnesses and offered no documentary evidence. Barnes called no witnesses. She did offer, without MorEquity's objection, a "drive-by" appraisal of the real property. I admit the appraisal into evidence (exhibit A). Debbie L. Den Hartog, the broker/realtor, stated in the

2

letter/appraisal that the property, located in Sheldon, would sell in the area of $47,500 to $51,000 (id.).

Based on the only evidence admitted in the proceeding, I find that the value of the subject property is $50,000.00. There was little evidence permitting the court to determine the amount of mortgage-note debt at the time of the hearing. The only evidence was the admission through Barnes's attorney that the principal debt was $28,906.35, as alleged by MorEquity. Assuming arguendo that MorEquity is correct that the debt is $41,729.00, I find that Barnes enjoys equity in the property of approximately $8,271.00. MorEquity has failed to prove Barnes's lack of equity in the property. It is not entitled to relief under 11 U.S.C. § 362(d)(2). Given the amount of equity, it may be adequate protection for MorEquity notwithstanding the length of time Barnes has been delinquent on her payments. This is particularly so because, depending on events in the case, it is likely the stay will cease to continue as a matter of law after December 28, 2009.

I conclude that MorEquity has failed to prove it is entitled to relief under 11 U.S.C. § 362(d). Relief will be denied.

IT IS ORDERED that the motion for relief from stay is denied.

DATED AND ENTERED  November 4, 2009.

*/s/ W.L. Edmonds*

William L. Edmonds, Bankruptcy Judge